Jason N. Bramlett (ABA #2002140)
jbramlett@fridayfirm.com
Seth T. Creed (ABA #2010176)
screed@fridayfirm.com
**Friday, Eldredge & Clark, LLP**
3425 North Futrall Drive
Fayetteville, AR  72703
Telephone:  (479) 695-1102
Facsimile:  (501) 244-5372

ATTORNEYS FOR CORNERSTONE BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
(HARRISON DIVISION)

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PFI HOSPITALITY, INC. | § | |
| | § | Case No. 3:12-bk-71888 |
| Debtor. | § | |

**MOTION OF CORNERSTONE BANK FOR RELIEF FROM
THE AUTOMATIC STAY AND ABANDONMENT OF COLLATERAL**

**NO HEARING WILL BE CONDUCTED ON THE MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT DIVISIONAL OFFICE FEDERAL BUILDING, 35 E MOUNTAIN STREET, FAYETTEVILLE, AR 72702 BEFORE CLOSE OF BUSINESS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE ACTION MAY BE TAKEN.**

Cornerstone Bank ("**Cornerstone**"), hereby files its *Motion of Cornerstone Bank For Relief From the Automatic Stay and Abandonment of Collateral*, and in support thereof respectfully states as follows:

## I.  JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b)(2) and 11 U.S.C. § 362.

2. Venue is proper in this Court.

## II.  BACKGROUND

3. This motion concerns a loan (the "**Loan**") from Cornerstone in the original principal amount of $2,067,200.00 (the "**Proceeds**") to PFI Hospitality, Inc., d/b/a Hotel Seville (the "**Debtor**"), which is secured, in part, by certain real property located in Boone County, Arkansas (described in more detail below).

A.  THE LOAN.

4. On April 7, 2008 (the "**Loan Date**"), Cornerstone entered into that certain Construction Loan Agreement (the "**Loan Agreement**"), whereby Cornerstone agreed to extend the Proceeds to the Debtor for the purposes of financing the construction of improvements on the Property (as defined below).  A true and correct copy of the Loan Agreement is attached hereto as **Exhibit "A"** and is incorporated herein by reference. The Loan Agreement provides for default in the event that the Debtor fails to make any payment when due under the Loan. *See* Exhibit "A" at page 1.

5. To further evidence the indebtedness and obligations of the Loan, the Debtor executed that certain Promissory Note dated as of the Loan Date in the amount of the Loan and bearing interest as more specifically set forth therein (the "**Original Note**").  A true and correct

copy of the Original Note is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

6.  The Original Note had a maturity date of January 15, 2009. The Original Note provided that the Debtor was to make payment of the full principal amount plus interest on or before January 15, 2009. *See* Exhibit "B" at page 1.

7.  The Original Note provides for default, among other instances, in the event that the Debtor fails to make any payment when due under the indebtedness. *See* Exhibit "B" at page 1.

8.  The Original Note was amended, modified, restated, and extended on a number of occasions by each of the following documents:

    (a)  a certain Extension Agreement, dated January 15, 20, which among other things, extended the maturity date to July 15, 2009;

    (b)  a certain Change in Terms Agreement, dated July 15, 2009, which modified the Note to extend the maturity date to November 1, 2009, and to make certain other changes as set forth therein;

    (c)  a certain Change in Terms Agreement, dated November 1, 2009, which modified the Note to extend the maturity date to March 1, 2010, and to make certain other changes as set forth therein;

    (d)  a certain Change in Terms Agreement, dated March 1, 2010, which modified the Note to extend the maturity date to June 1, 2010, and to make certain other changes as set forth therein;

  (e) a certain Change in Terms Agreement, May 12, 2010, which modified the Note to extend the maturity date to May 12, 2030, and to make certain other changes as set forth therein; and

  (f) a certain Change in Terms Agreement, October 12, 2010, which modified the Note to extend the maturity date to June 12, 2030, and to make certain other changes as set forth therein.

(collectively, the "**CIT Agreements**" and together with the Original Note, the "**Note**"). True and correct copies of the CIT Agreements are annexed hereto as **Exhibits "C-1"** through **"C-6"**, respectively, and are incorporated herein by reference.

  9. In order to secure payment of the indebtedness represented by the Note and all present and future indebtedness owed by the Debtor to Cornerstone, on or about April 7, 2008, the Debtor executed a Construction Mortgage (the "**Mortgage**"), which created a lien in favor of Cornerstone in those certain tracts of real property located in Boone County, Arkansas, as set forth in the Mortgage. A true and correct copy of the Mortgage is attached hereto as **Exhibit "D"** and is incorporated herein by reference.

  10. The Mortgage, after being duly executed and acknowledged, was filed for record in the Office of the Ex-Officio Clerk and Recorder of Boone County, Arkansas on April 8, 2008 at File No. 08-002059, and has been modified on three separate occasions pursuant to the following:

  (a) that certain modification of the Mortgage dated July 15, 2009, extending the maturity date of the Loan, and filed for record in the Office of the Ex-Officio Clerk and Recorder of Boone County, Arkansas on September 15, 2009, at File No. 09-005231;

    (b)    that certain modification of the Mortgage dated November 1, 2009, extending the maturity date of the Loan, and filed for record in the Office of the Ex-Officio Clerk and Recorder of Boone County, Arkansas on December 22, 2009, at File No. 09-007147; and

    (c)    that certain modification of the Mortgage dated May 12, 2010, extending the maturity date of the Loan, and filed for record in the Office of the Ex-Officio Clerk and Recorder of Boone County, Arkansas on June 1, 2010, at File No. 10-002702.

(collectively the "**Mortgage Modifications**"). True and correct copies of the Mortgage Modifications are attached hereto as **Exhibit "E-1"** through **"E-3"**, respectively, and are incorporated herein by reference.

11. The property encumbered by the Mortgage is legally described as follows:

TRACT ONE: Lots Nine (9) and Eleven (11) and the South 10 feet of Lot Seven (7) all in Block Fourteen (14) of the Original Town of Harrison, Boone County, Arkansas.

TRACT TWO: Lots Nine (9) and Eleven (11), Block Fifteen (15), of the Original Town of Harrison, Boone County, Arkansas. Subject to all Restrictions, Easements and Rights-of-Way of record.

TRACT THREE: The South 37.5 feet of Lot Four (4) and the North 55 feet of Lot Six (6) in Block Fourteen (14) of the Original Town of Harrison, Boone County, Arkansas. Subject to all Restrictions, Easements and Rights-of-Way of record.

TRACT FOUR: Lot Five (5) and the North 50 feet of Lot Seven (7), all in Block Fourteen (14), Original Town of Harrison, Boone County, Arkansas. Subject to all Restrictions, Reservations, Easements and Rights-of-Way of record.

(the "**Property**"). *See* Exhibit "D", at p. 9.

12. Among other instances, the Mortgage provides for default in the event that the Debtor fails to make any payment due under the indebtedness. *See* Exhibit "D", at p. 5.

13.  In order to further secure payment of the indebtedness represented by the Note, on April 7, 2008, the Debtor, as Grantor, granted to Cornerstone, as Lender, a Commercial Security Agreement (the "**CSA**"). A true and correct copy of the CSA is annexed hereto as **Exhibit "F"** and is incorporated herein by reference. The CSA granted to Cornerstone a lien and security interest in the following collateral (the "**Collateral**"): "all inventory, furniture, fixtures, equipment, all business assets and all accounts receivable of [the Debtor]." *See* Exhibit "F" at p. 1.

14.  To further perfect Cornerstone's interest in the Collateral, on April 9, 2008, Cornerstone caused to be filed with the Secretary of State of Arkansas that certain UCC Financing Statement (the "**Financing Statement**") at File No. 7130460308. A true and correct copy of the Financing Statement is annexed hereto as **Exhibit "G"** and is incorporated herein by reference.

15.  The Loan Agreement, Note, the CIT Agreements, Mortgage, the Mortgage Modifications, CSA and all other documents evidencing, securing or delivered to Cornerstone in connection with the Loan, are hereinafter referred to collectively as the "**Loan Documents**."

16.  The Debtor has failed to make certain monthly payments at the times and in the amounts due pursuant to the Loan Documents. Accordingly, an event of default has occurred and the Debtor is in default on it its obligations under the Loan Documents.

17.  On or about April 17, 2012, Cornerstone notified the Debtor, by and through separate letters to two of the Debtor's principals, Donald Alberson and Jack B. Moyer, that an event of default had occurred and demanded that the Loan be brought current within ten (10) days (the "**Default Letters**"). Cornerstone further advised the Debtor that if the Loan was not brought current Cornerstone reserved its right to pursue its rights and remedies including,

without limitation, the acceleration of the maturity date of the Loan. True and correct copies of the Default Letters are attached hereto as **Exhibit "H" and "I"**, respectively, and are incorporated herein by reference.

### III. REQUEST FOR RELIEF FROM THE AUTOMATIC STAY AND ABANDONMENT OF COLLATERAL

18. Cornerstone respectfully requests that this Court enter an order vacating the automatic stay pursuant to Sections 362(d)(1) and (d)(2) of the Bankruptcy Code and order the abandonment of the Property and Collateral pursuant to Section 554 of the Bankruptcy Code so that it may pursue all rights and remedies that it may have in the above-described Property and any other Collateral pledged by the Loan Documents pursuant to the applicable terms of the Loan documents and applicable law.

**A.  Cornerstone is entitled to Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1).**

19. The Court has discretion to vacate the automatic stay "for cause," which includes a lack of adequate protection in the movant's collateral. See 11 U.S.C. § 362(d)(1). Although the Bankruptcy Code provides that a lack of adequate protection is "cause" to lift the automatic stay, it does not otherwise define or explain what constitutes "cause." Rather, "cause" is determined on a case-by-case basis.

20. The debtor has the burden of proof on a request for relief from stay for "cause" under Section 362(d)(1). 11 U.S.C. § 362(g).

21. The prospect of a successful reorganization is one of the most prevalent factors used to consider whether adequate protection exists. *In re Panther Mountain*, 438 B.R. 169, 180 (E.D. Ark. 2010); s*ee also In re Tucker*, 5 B.R. 180, 183-184 (Bankr. N.D.N.Y., 1980) (whether

the possibility of reorganization is realistic is a factor that courts find relevant in determining whether "cause" exists to grant relief from the stay).

22. In addition to the indebtedness owing to Cornerstone, the Debtor owes nearly $1.2 million to the Small Business Administration (the "**SBA**"). Based upon Cornerstone's understanding of the monthly cash flow of the Debtor, the Debtor will not likely be able to propose a confirmable plan of reorganization, thus rendering the Debtor's prospects for reorganization slim.

23. Additionally, as of the date hereof, the Debtor has failed to provide Cornerstone with adequate protection of its interest in the Property by failing to maintain payments to Cornerstone under the Loan Documents since October 31, 2011. Under the Loan Documents, the Debtor is required to pay Cornerstone monthly principal and interest payments in an amount in excess of $20,000.00 based on the non-default interest rate of 7.25%. In the Debtor's Motion to Use Cash Collateral of Cornerstone Bank [Docket No. 5], the Debtor has proposed to pay Cornerstone only $3,675.00, which is insufficient to compensate Cornerstone for even the post-petition accrual of its interest, fees, and expenses under Section 506(b) of the Bankruptcy Code. The Debtor is not entitled to retain use of the Property and all income therefrom and not adequately protect the interests of Cornerstone in the Property. Without such adequate protection, the automatic stay should be lifted.

24. Accordingly, for the above-stated reasons, the only fair and reasonable solution is to lift the automatic stay so that Cornerstone may exercise its legal rights with respect to the Property pursuant to the applicable Loan Documents and applicable law.

**B.  Cornerstone is entitled to Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(2).**

25. The automatic stay may likewise be vacated under 11 U.S.C. § 362(d)(2), provided that (a) the Debtor does not have any equity in the property and (b) the property is not necessary to an effective reorganization. *See* 11 U.S.C. 362(d)(2).

26. Under Section 362(g), Cornerstone has the burden of proving that there is not any equity in the Property. Cornerstone submits that the value of the Property is less than the amount of all debt secured by the Property. In this case, the aggregate amount owing to Cornerstone and the SBA far exceeds the value of the Property. Thus, Cornerstone expects to satisfy its burden under Section 362(g) at the hearing on this matter.

27. Under Section 362(g), if Cornerstone satisfies its burden of proving lack of equity in the Property, the burden shifts to the Debtor to prove that the Property is necessary to an effective reorganization. In order for the Debtor to carry its burden on this element, though, the Debtor must prove not just that the Property would be needed by the Debtor for a reorganization, but that the there is a reasonable prospect that the reorganization will be effected. *See In re Panther Mt. Land Dev., LLC,* 438 B.R. 169, 180 (Bankr. E.D. Ark. 2010)(describing the appropriate standard as that of a "reasonable possibility of successful reorganization within a reasonable time") (citation omitted); *see also In re Dublin Properties,* 12 B.R. 77, 80 (Bankr. Pa. 1981).

28. Simply stating that the Property is needed to propose a reorganization plan is not sufficient. Rather, the Debtor must prove that it has a reasonable likelihood of effecting a reorganization. In this case, Cornerstone submits that any plan proposed by the Debtor is uncomfirmable on its face and, therefore, the Debtor will not be able to carry its burden under 11 U.S.C. § 362(d)(2)(B).

29.     Accordingly, for the above-stated reasons, the only fair and reasonable solution is to lift the automatic stay so that Cornerstone may exercise its legal rights with respect to the Property pursuant to the applicable Loan Documents and applicable law.

**C.      The Property and Collateral Should be Abandoned Pursuant to 11 U.S.C. § 554.**

30.     Under Section 554(b), the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. *See* 11 U.S.C. 554(b).

31.     As stated above, Cornerstone submits that the value of the Property is less than the amount of all debt secured by the Property.

32.     Accordingly, the Property and Collateral are of inconsequential value and benefit to the estate and should therefore be abandoned.

WHEREFORE, Cornerstone Bank respectfully requests that this Court vacate the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and (2) and order the Property and Collateral be abandoned pursuant to 11 U.S.C. § 554 and grant to Cornerstone Bank any further relief which may be just and equitable.

Dated: May 18, 2012

Fayetteville, Arkansas.

        Respectfully submitted,

        **FRIDAY, ELDREDGE & CLARK, LLP**

        */s/ Jason N. Bramlett*
        Jason N. Bramlett (ABA #2002140)
        jbramlett@fec.net
        Seth T. Creed (ABA #2010176)
        screed@fridayfirm.com
        **Friday, Eldredge & Clark, LLP**
        3425 North Futrall Drive
        Fayetteville, AR 72703
        Telephone: (479) 695-1102
        Facsimile: (501) 244-5372

        ATTORNEYS FOR CORNERSTONE BANK

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 18 day of May, 2012, a true and correct copy of the foregoing was served via electronic mail to those identified on the CM/ECF system for this case and by regular mail upon counsel for the Debtor, Stanley V. Bond, Attorney at Law, P.O. Box 1893, Fayetteville, AR 72701-1893; the U.S. Trustee, Office of the U.S. Trustee, 200 W. Capitol, Suite 1200, Little Rock, Arkansas 72201; and those identified on the attached service list.

        */s/ Jason N. Bramlett*
        Jason N. Bramlett

**SERVICE LIST**

AEL Financial, LLC
Box 88046
Milwaukee, WI 53288-0046

All American Refrigerant, LLC
112 W. Commercial
Harrison, AR 72601

American Advertising
PO Box 493
Harrison, AR 72601

American Home Patient
PO Box 676499
Dallas, TX 75267-6499

American Hotel Register
16458 Collections Center Dr.
Chicago, IL 60693

Arkansas Capital Corp. Group
200 S. Commerce St.
Suite 400
Little Rock, AR 72201

Arrow Refrigeration
PO Box 843
Harrison, AR 72602-0843

BCD Travel
6 Concourse Pkwy NE
Atlanta, GA 30328

Boone County
P O Box 1152
Harrison, AR 72602

Boone County Tax
P O Box 88046
Milwaukee, WI 53288

Brodbeck Family Trust

7125 Coyote Crossing Avenue
Springdale, AR 72762

Carbon's
P O Box 71
Buchanan, MI 49107

Carpetmaster
P O Box 1739
Harrison, AR 72601

CAT PC
P O Box 940
Harrison, AR 72602-0940

Choice Hotels International
PO Box 99992
Chicago, IL 60696-7792

Cox Communications
PO Box 248871
Oklahoma City, OK 73124-8871

Crescent Hotel
75 Prospect Avenue
Eureka Springs, AR 72632-3099

Dept of Finance and Admin
1020 Goblin Drive, Suite C
Harrison, AR 72601

Dept of Finance and Admin
PO Box 3861
Little Rock, AR 72203-3861

Don Burris Rev Liv Trust
77 Woodsdale Drive
Eureka Springs, AR 72631

Donald J & Julie Albertson
520 CR1144
Eureka Springs, AR 72632

Donald J. Alberson
420 CR1144
Eureka Springs, AR 72632

Ecolab
P O Box 70343
Chicago, IL 60673

Entergy
PO Box 8101
Baton Rouge, LA 70891-8101

Fred and Rebecca Halper
10 Dogwood Ridge
Eureka Springs, AR 72632

Great Southern Travel
3424 South National
Miller, MO 65707

Hammerschmidt Fam Trust
PO Box 9999
Harrison, AR 72602-0999

Harbor Linen
PO Box 3510
Cherry Hill, NJ 08034

Harrison Band Boosters
PO Box 5
Harrison, AR 72601

Harrison Water Department
P O Box 1715
Harrison, AR 72602-1715

Jack Moyer
294 Holiday Island Drive
Eureka Springs, AR 72631

Jack V. Moyer
294 Holiday Island Drive
Eureka Springs, AR 72631

Jed and Tammy Bullock

1072 CR102
Eureka Springs, AR 72632

Julie Alberson
420 CR1144
Eureka Springs, AR 72632

Little Apple
19492 Hwy 62 West
Eureka Springs, AR 72631

Mastercard
PO Box 30131
Tampa, FL 33630-3131

Meadors, Adams, Lee
PO Box 3456
Little Rock, AR 72203

Michael Sullivan
171 Jerusalem Hill Road
Elmira, NY 14901

Miller Hardware Co., Inc.
 #2 Necessity Ave
Harrison, AR 72601

Paul & Kay Moyer Rev Liv Trust
161 Cromwell Lane
Crossville, TN 38558

Pegasus
8350 No. Central Expressway
Dallas, TX 75206

Pippin Wholesale
PO Box 730
Harrison, AR 72601

Rachel Moyer
294 Holiday Island Drive
Eureka Springs, AR 72631

Reynolds Media, Inc.
400 South Sycamore
Harrison, AR 72601

Scott and Sharon Grave
23 Equennes Drive
Little Rock, AR 72223

Security Bankcard Center
PO Box 6139
Norman, OK 73070

Security Bankcard Center
PO Box 22116
Tulsa, OK 74121-2116

Six Bridges Bank
200 West Capitol Ave., Ste 400
Little Rock, AR 72201

Source Gas Arkansas
PO Box 660559
Dallas, TX 75266

Sysco Foods
PO Box 193410
Little Rock, AR 72219

Terry and Yadira Cook
1330 Iris Cove
Harrison, AR 72601

Travel Inc.
4355 River Green Pkwy.
Duluth, GA 30096-2572

Wild Travel, Inc.
Corporate Headquarters
Douglassville, PA 19518