Jason N. Bramlett (ABA #2002140)
jbramlett@fridayfirm.com
Seth T. Creed (ABA #2010176)
screed@fridayfirm.com
**Friday, Eldredge & Clark, LLP**
3425 North Futrall Drive
Fayetteville, AR  72703
Telephone:  (479) 695-1102
Facsimile:  (501) 244-5372

ATTORNEYS FOR CORNERSTONE BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
(HARRISON DIVISION)

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| PFI HOSPITALITY, INC. | § | |
| | § | Case No. 3:12-bk-71888 |
| Debtor. | § | |

**MOTION FOR AWARD OF SANCTIONS AGAINST DON ALBERSON FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

**NO HEARING WILL BE CONDUCTED ON THE MOTION UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT DIVISIONAL OFFICE FEDERAL BUILDING, 35 E MOUNTAIN STREET, FAYETTEVILLE, AR 72702 BEFORE CLOSE OF BUSINESS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICE ACTION MAY BE TAKEN.**

Cornerstone Bank hereby files its *Motion for Award of Sanctions Against Don Alberson For Willful Violation of the Automatic Stay*, and in support thereof respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 157(b)(2) and 11 U.S.C. §§ 362(k)(1) and 105(a).

2. Venue is proper in this Court.

## II. BACKGROUND

3. PFI Hospitality, Inc. (the "**Debtor**") filed a voluntary Chapter 11 bankruptcy petition in this Court on May 11, 2012 (the "**Petition Date**").

4. The Debtor's principal asset was a hotel commonly known as The Hotel Seville and which is located at 302 North Main Street, Harrison, Arkansas (the "**Hotel**"). The Hotel is composed of approximately 73,000 square feet of space.

5. Cornerstone Bank ("**Cornerstone**") had a lien and security interest on the Hotel and on all inventory, furniture, fixtures, equipment, business assets, and all accounts receivable of PFI (collectively with the Hotel, the "**Collateral**").

6. On November 6, 2012, this Court entered its Order on Motion to Sell Assets to Cornerstone Bank Free and Clear of Liens, Claims, and Encumbrances Pursuant to 11 U.S.C. § 363 and Notice Thereof Pursuant to Fed. R. Bankr. P. 6004 [Docket No. 52] (the "**Sale Order**").

7. Prior to the entry of the Sale Order, it came to the attention of Cornerstone Bank that Don Alberson ("**Mr. Alberson**"), a principal of the Debtor, appeared at the Hotel and left with a number of personal effects belonging to the Debtor and which are subject to the liens and security interests of Cornerstone and constitute part of the Collateral. A statement in this regard from the front desk clerk at the Hotel, Dottie Tallon, is annexed hereto as Exhibit "A".

8. Since the date the actions of Mr. Alberson were brought to the attention of Cornerstone, Cornerstone has made repeated demands upon Debtor's counsel to secure the return of each and every item taken from the Hotel.

9. To date, Mr. Alberson has only returned three televisions taken from the Hotel. Upon information and belief, the remaining items are wrongfully in the possession of Mr. Alberson. Further, upon information and belief, Mr. Alberson is retaining such items in an attempt to offset an unsecured debt that he believes he is owed by the Debtor. Correspondence evidencing Mr. Alberson's intent in this regard is annexed hereto as Exhibit "B".

### III. REQUEST FOR RELIEF

10. Cornerstone requests the entry of an order pursuant to 11 U.S.C. §§ 362(k)(1) and 105(a) ordering Mr. Alberson to return the Collateral that he took from the Hotel in violation of the automatic stay imposed by 11 U.S.C. § 362(a) or actual damages equal to the replacement cost of such items along with all of Cornerstone's costs and attorneys' fees incurred in connection with pursuing the return of the Colalteral. Additionally, if this Court deems is appropriate, Cornerstone requests that this Court order punitive damages assessed against Mr. Alberson in favor of Cornerstone due to his willful and intentional violation of the automatic stay.

11. Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In *In re Andrews,* 467 B.R. 173 (Bankr. E.D. Ark. 2011), the court noted that a party seeking damages for a stay violation must establish that (a) a violation occurred, (b) the violation was committed willfully, and (c) the violation caused actual damages. *Id.* (citing

*Rosengren v. GMAC Mortg. Corp.,* No. CIV. 00-971 (DSD/JMM), 2001 U.S. Dist. LEXIS 13119, 2001 WL 1149478, at * 2 (D. Minn. Aug. 7, 2001)(citing *Lovett v. Honeywell, Inc.,* 930 F.2d 625, 628 (8th Cir. 1991)).

12. The *Andrews* court held that a willful violation of the automatic stay occurs if there is "knowledge of the stay and the defendant intended the actions which constituted the violation." *Andrews,* 467 B.R. at 189. In this case, there is no question that Mr. Alberson was aware of the imposition of the automatic stay when he took certain portions of the Collateral from the Hotel. Mr. Alberson is a principal of the Debtor and had knowledge of the bankruptcy of the Debtor and the effects thereof. Notwithstanding Mr. Alberson's knowledge of the stay, as evidenced by his November 19, 2012 e-mail to Stan Bond annexed hereto as Exhibit "B", Mr. Alberson noted that Cornerstone "doesn't agree with the reasoning in taking the TVs in lieu of payment due Alberson Electric Service . . . ." This statement provides further evidence that Mr. Alberson was attempting to setoff some form of a debt allegedly owed by the Debtor to either him or an affiliate. This statement evidences the willful and intentional nature of Mr. Alberson's actions.

13. The *Andrews* court further addressed whether the trustee had standing to assert claims under Section 362(k)(1) of the Bankruptcy Court since that provision provides that it may be asserted by an "individual." *Id.* After noting that there is a divergence among the courts as to whether a trustee is an "individual" for purposes of Section 362(k)(1) (Cornerstone acknowledges that it is not a trustee), *Andrews* held that all of the authority nonetheless states that the "trustee may find a remedy for intentional violations of the automatic stay through 11 U.S.C. § 105(a) . . . ." *Id.* In this regard, Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court:

> may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

14. *Andrews*, citing to other authority, further noted that Section 105(a) of the Bankruptcy Code provides the general equitable powers that unquestionably provide the court with the power to redress intentional violations of the automatic stay that injure a bankruptcy estate. *Id.* at 190 (citing *In re Ibach,* 399 B.R. 61, 71 (Bankr. D. Minn. 2008); *In re Just Brakes Corp., Inc.,* 108 F.3d 881 (8th Cir. 1997) (stating that "[Section] 362(a), buttressed by § 105(a), confers broad equitable power to remedy adverse effects of automatic stay violations.")).

15. As set forth in the Sale Order, Cornerstone bid $1,218,092.23 for the Collateral, which included those items that, upon information and belief, were taken by Mr. Alberson from the hotel. Mr. Alberson, as an owner of the Debtor, was aware of the Debtor's agreement with Cornerstone and was presumptively aware of Cornerstone's lien on the Collateral. Mr. Alberson's taking and any continued retention of certain portions of the Collateral is in violation of the Sale Order, the rights of Cornerstone therunder, and the bargain struck by the Debtor in connection with the same.

16. Accordingly, for the reasons set forth herein, Cornerstone respectfully requests that the Court fashion a remedy either under Section 362(k)(1) and/or 105(a) of the Bankruptcy Court for the purpose of redressing the wrongs caused by Mr. Alberson to the bankruptcy estate of the Debtor and Cornerstone.

WHEREFORE, the Debtor respectfully requests that this Court grant the relief sought herein and any further relief which may be just and equitable.

Dated: November 21, 2012

Fayetteville, Arkansas.

>
> Respectfully submitted,
>
> **FRIDAY, ELDREDGE & CLARK, LLP**
>
> */s/ Jason N. Bramlett*
> Jason N. Bramlett (ABA #2002140)
> jbramlett@fec.net
> Seth T. Creed (ABA #2010176)
> screed@fridayfirm.com
> **Friday, Eldredge & Clark, LLP**
> 3425 North Futrall Drive
> Fayetteville, AR 72703
> Telephone: (479) 695-1102
> Facsimile: (501) 244-5372
>
> ATTORNEYS FOR CORNERSTONE BANK

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2012, a true and correct copy of the foregoing was served via electronic mail to those identified on the CM/ECF system for this case and by regular mail to those identified on the attached service list.

> */s/ Jason N. Bramlett*
> Jason N. Bramlett

## SERVICE LIST

| AEL Financial, LLC<br>Box 88046<br>Milwaukee, WI 53288-0046 | Boone County<br>PO Box 1152<br>Harrison, AR 72602 | Dept of Finance and Admin<br>1020 Goblin Drive, Suite C<br>Harrison, AR 72601 |
|---|---|---|
| All American Refrigerant, LLC<br>112 W. Commercial<br>Harrison, AR 72601 | Boone County Tax<br>PO Box 88046<br>Milwaukee, WI 53288 | Dept of Finance and Admin<br>PO Box 3861<br>Little Rock, AR 72203-3861 |
| American Advertising<br>PO Box 493<br>Harrison, AR 72601 | Brodbeck Family Trust<br>7125 Coyote Crossing Avenue<br>Springdale, AR 72762 | Don Burris Rev Liv Trust<br>77 Woodsdale Drive<br>Eureka Springs, AR 72631 |
| American Home Patient<br>PO Box 676499<br>Dallas, TX 75267-6499 | Carbon's<br>PO Box 71<br>Buchanan, MI 49107 | Donald J & Julie Albertson<br>520 CR1144<br>Eureka Springs, AR 72632 |
| American Hotel Register<br>16458 Collections Center Dr.<br>Chicago, IL 60693 | Carpetmaster<br>P O Box 1739<br>Harrison, AR 72601 | Donald J. Alberson<br>420 CR1144<br>Eureka Springs, AR 72632 |
| Arkansas Capital Corp. Group<br>200 S. Commerce St., Ste 400<br>Little Rock, AR 72201 | CAT PC<br>P O Box 940<br>Harrison, AR 72602-0940 | Ecolab<br>PO Box 70343<br>Chicago, IL 60673 |
| Arrow Refrigeration<br>PO Box 843<br>Harrison, AR 72602-0843 | Choice Hotels International<br>PO Box 99992<br>Chicago, IL 60696-7792 | Entergy<br>PO Box 8101<br>Baton Rouge, LA 70891-8101 |
| Bank of America N.A., as administrative agent c/o Financial Pacific Leasing, LLC as Servicer<br>PO Box 4568<br>Federal Way, WA 98063 | Cox Communications<br>PO Box 248871<br>Oklahoma City, OK 73124-8871 | Fred and Rebecca Halper<br>10 Dogwood Ridge<br>Eureka Springs, AR 72632 |
| BCD Travel<br>6 Concourse Pkwy NE<br>Atlanta, GA 30328 | Crescent Hotel<br>75 Prospect Avenue<br>Eureka Springs, AR 72632-3099 | Great Southern Travel<br>3424 South National<br>Miller, MO 65707 |

| | | |
|---|---|---|
| Hammerschmidt Fam Trust<br>PO Box 9999<br>Harrison, AR 72602-0999 | Meadors, Adams, Lee<br>PO Box 3456<br>Little Rock, AR 72203 | Security Bankcard Center<br>PO Box 22116<br>Tulsa, OK 74121-2116 |
| Harbor Linen<br>PO Box 3510<br>Cherry Hill, NJ 08034 | Michael Sullivan<br>171 Jerusalem Hill Road<br>Elmira, NY 14901 | Six Bridges Capital Corporation<br>200 West Capitol Ave., Ste 400<br>Little Rock, AR 72201 |
| Harrison Band Boosters<br>PO Box 5<br>Harrison, AR 72601 | Miller Hardware Co., Inc.<br>#2 Necessity Ave<br>Harrison, AR 72601 | Source Gas Arkansas<br>PO Box 660559<br>Dallas, TX 75266 |
| Harrison Water Department<br>P O Box 1715<br>Harrison, AR 72602-1715 | Paul & Kay Moyer Rev Liv Trust<br>161 Cromwell Lane<br>Crossville, TN 38558 | Sysco Foods<br>PO Box 193410<br>Little Rock, AR 72219 |
| Jack Moyer<br>294 Holiday Island Drive<br>Eureka Springs, AR 72631 | Pegasus<br>8350 N. Central Expressway<br>Dallas, TX 75206 | Terry and Yadira Cook<br>1330 Iris Cove<br>Harrison, AR 72601 |
| Jack V. Moyer<br>294 Holiday Island Drive<br>Eureka Springs, AR 72631 | Pippin Wholesale<br>PO Box 730<br>Harrison, AR 72601 | Travel Inc.<br>4355 River Green Pkwy.<br>Duluth, GA 30096-2572 |
| Jed and Tammy Bullock<br>1072 CR102<br>Eureka Springs, AR 72632 | Rachel Moyer<br>294 Holiday Island Drive<br>Eureka Springs, AR 72631 | Wild Travel, Inc.<br>Corporate Headquarters<br>Douglassville, PA 19518 |
| Julie Alberson<br>420 CR1144<br>Eureka Springs, AR 72632 | Reynolds Media, Inc.<br>400 South Sycamore<br>Harrison, AR 72601 | Jason N. Bramlett<br>Friday Eldredge & Clark<br>3425 N. Futrall Drive, Ste 103<br>Fayetteville, AR 72703 |
| Little Apple<br>19492 Hwy 62 West<br>Eureka Springs, AR 72631 | Scott and Sharon Grave<br>23 Equennes Drive<br>Little Rock, AR 72223 | Glenn E. Borkowski<br>Randal B. Frazier<br>Kutak Rock, LLP<br>124 W. Capitol Ave., Ste 2000<br>Little Rock, AR 72201 |
| Mastercard<br>PO Box 30131<br>Tampa, FL 33630-3131 | Security Bankcard Center<br>PO Box 6139<br>Norman, OK 73070 | |

To Whom It May Concern:

Approximately two weeks prior to the Bank inspection Don Alberson called and asked me to make him a master key and get him a list of the rooms that were out of service. A short time later he came and got the key and the list. I thought he was going to make some repairs for us. He went upstairs rather hurriedly, later a lady came down stairs wanting a shirt for the guy that was helping them move stuff. She took one of the Seville shirts for that man for helping them. I ask what they were doing up there and she told me they were just moving some things around. I saw the other gentleman carrying televisions across the mezzanine. I tried to call April and Sandy but got no response from the phone call as I was getting concerned about them carrying things out at the time they were in bankruptcy. I went upstairs and seen they were loading out the fire escape into the back alley. Yolanda and I checked the rooms and found the following missing:

206......................mattress had been swapped out for a cheaper one

208......................mattress had been swapped out for a cheaper one

214......................TV was gone
308 — — — — wall hanging gone
321......................mattress

2001....................TV and wall hanging gone

2002....................Wall hanging gone — TV gone
2013 ———— micro wave gone
2014....................TV, Desk Chair and wall hanging gone

Our concern was that if they took these things it would make the hotel less desirable and less likely for someone to just take it over and keep it operating. It was our desire to keep the Seville operating.

Front Desk Clerk

*Dottie Tallon*

Dottie Tallon

EXHIBIT
A

### Jason N. Bramlett

| | |
|---|---|
| **From:** | Stanley Bond [attybond@me.com] |
| **Sent:** | Monday, November 19, 2012 1:42 PM |
| **To:** | Jason N. Bramlett |
| **Cc:** | Don Alberson |
| **Subject:** | Re: PFI TV's |
| **Importance:** | High |

Well, he's doing the best he can.

/s/ Stanley Bond

Stanley V. Bond, Ltd.
Attorneys at Law
PO Box 1893 (72702)
525 S School Ave., Ste. 100 (72701)
Fayetteville, AR
(V)479.444.0255
(F)479.444.7141
E-mail: attybond@me.com

On 19 Nov 2012, at 13:40, "Jason N. Bramlett" <jbramlett@fridayfirm.com> wrote:

Stan,

Mr. Alberson sent this email to you earlier and cc'd Mr. Cross. Please advise him that if he does not have the TVs, mattress, and whatever else he took from the Seville to the Bank or the hotel by close of business today, I will file a motion asking for sanctions against Mr. Alberson under 362(k). He knowingly and willfully violated the stay by removing those assets from the Hotel in an apparent attempt to set off some form of an unsecured debt. Those assets are collateral of Cornerstone Bank. If they are not returned today, please tell Mr. Alberson that the motion will be filed tomorrow and I will ask for damages equal to the replacement cost of what he took from the premises along with all costs and attorneys fees.

Thank you.

JASON N. BRAMLETT | ATTORNEY



FRIDAY | ELDREDGE & CLARK LLP

Client focused every day

jbramlett@fridayfirm.com | Direct: (479) 695-1102 | Fax (501) 244-5372
3425 North Futrall Drive, Suite 103
Fayetteville, Arkansas 72703-6252 | www.FridayFirm.com



This e-mail message and any attachments contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, retransmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 479-695-1102 and delete this e-mail. Please note that if this e-mail contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachments may not have been produced by Friday, Eldredge & Clark, LLP. Receipt of e-mail does not establish an attorney-client relationship.

11/20/2012

Page 2 of Exhibit B

**From:** Don Alberson [mailto:don@albersonelectric.com]
**Sent:** Monday, November 19, 2012 9:53 AM
**To:** Stanley Bond
**Cc:** Charlie Cross - Cornerstone Bank; 'Jack Moyer'; jalberson66@gmail.com
**Subject:** PFI TV's

Stan,

I received your email this morning concerning the TV's to be returned to the Seville. I am experiencing some health issues to the extent that I am using a walker to get around and cannot drive due to the medication prescribed. I am scheduled for back surgery November 28th, and cannot lift anything in an effort to prevent further damage to my lower back prior to surgery. This has resulted in me depending on others to drive me around when I am physically able to get out of the house.

Apparently Mr. Cross doesn't agree with the reasoning in taking the TVs in lieu of payment due Alberson Electric Service, therefore, I would be happy to ask someone to deliver the TVs to the financial center in Eureka Springs. I will make every effort to have this done by November 20, 2012. Please let me know if this is okay with Mr. Cross.

*Don Alberson*
257 CR 1144
Eureka Springs, Arkansas 72632
479-981-0822

11/20/2012